## Thompson, Morris & Co. v. Pine & Poindexter.

PRACTICE—WRIT OF ERROR.—In a proceeding by writ of error, where no other bond than an appeal bond has been executed, the cause will be dismissed on motion. The objection to the bond being a substantial one, though it may not involve a question of jurisdiction, will be sustained, if the motion to dismiss is made before the case is disposed of on the merits during the call of the assignment.

ERROR from Lamar. Tried below before the Hon. Robert H. Taylor.

The case was tried in the court below on the 20th November, 1872. Thompson, Morris & Co. filed their applications for writ of error on the 25th of January, A. D. 1873; citation issued same day, and on the 6th of October, 1873, the statutory appeal bond was executed by them. The motion to dismiss, filed on the 26th June, A. D. 1874, was based on the absence of a writ of error bond.

*W. B. Wright* and *Walton, Green & Hill*, for Pine & Poindexter.

ROBERTS, C. J.—The motion in this case will be sustained, because the proceeding is by writ of error, and the bond intended to be a cost bond for writ of error is in terms a bond for an appeal.

The motion to dismiss on such a ground, made during the call of the assignment and before the case is disposed of on the merits, is not too late, notwithstanding the 26th rule for the Supreme Court, (32 Tex.,) it being a substantial objection to the bond, not to be disregarded when claimed, though it may not involve a question of jurisdiction of this court. (Chambers *v*. Miller, 7 Tex., 75; Janes *v*. Langham, 29 Tex., 414.)

We find no service on one of the defendants in error in the record. (Crunk *v*. Crunk, 23 Tex., 604.)

Motion sustained.

DISMISSED.